# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DONA HARROLD,

            Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security Administration,

            Defendant.

Case No. 15-CV-616-FHM

## **OPINION AND ORDER**

Plaintiff's Application for an Award of Attorney Fees and Costs, [Dkt. 32], is before the court for decision. The matter has been fully briefed.

Plaintiff appealed from an administrative decision denying her disability benefits. The denial decision was affirmed by this court, [Dkt. 21], and reversed on appeal by the Tenth Circuit, [Dkt. 29]. Plaintiff seeks an award of attorney fees in the amount of $10,459.75 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner poses no objection to the amount of the award sought, but objects to an award on the basis that her position was substantially justified.

The EAJA requires the United States to pay attorney fees and costs to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.* A position may be

substantially justified even though it was not supported by substantial evidence. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). Reasoning that such an automatic award of fees under the EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267.

The government has the burden of establishing its position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). Therefore, the government must justify both its position in the underlying administrative proceedings and its position in any subsequent court litigation. *Hackett,* 475 F.3d at 1170. Consequently, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id*. at 1174, quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Applying the foregoing to the instant case, the court finds that the Commissioner has not established that her position was substantially justified, therefore EAJA fees should be awarded. In its Order reversing and remanding the case, the Tenth Circuit determined that the case should be remanded because there were multiple legal errors in the ALJ's evaluation and weighing of the medial opinions concerning Plaintiff's ability to perform the mental demands of work, and further that the ALJ failed to make specific findings

2

concerning Plaintiff's credibility as required by the Commissioner's regulations and the law of this Circuit. The Tenth Circuit's conclusion demonstrates that the government's position was not substantially justified at the agency level. Therefore, an award of EAJA fees is appropriate.

The court finds that Plaintiff should be awarded EAJA fees in the amount of $10,459.75. Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007)(the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 18th day of January, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE